UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-25281

DEBRA ROBERTS,

      Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a,
CARNIVAL CRUISE LINE,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, DEBRA ROBERTS ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION, and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3.    Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

4.    Plaintiff is *sui juris* and is a resident and citizen of the state of Texas.

5.      Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

6.      Defendant is a citizen of the State of Florida.

7.      Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed.

a.      Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

b.      Had an office or agency in this state and/or county; and/or

c.      Engaged in substantial activity within this state; and/or

d.      Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

8.      At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the threshold, area, and the vicinity involved in Plaintiff's incident.

9.      At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the cruise ship, the Carnival Vista.

10.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## **FACTUAL ALLEGATIONS**

11.     The incident occurred on or about June 1st, 2019 while Plaintiff was a lawfully paying passenger on Defendant's cruise ship vessel, the Carnival *Vista.*

12.     Plaintiff was walking on Deck 5 in the piano bar hallway and tripped on a threshold that ran across the floor. This threshold was unusually and dangerously high, uneven, had an

unusual and dangerous track/partition that ran across it, and had unusual and dangerous ridges on its sides. This unusual and dangerous design and/or condition of the subject threshold, floors, and/or area also made it more difficult to perceive the presence and height of the threshold. Plaintiff tripped on this threshold, causing her to fall. There was no adequate handrail for Plaintiff to grab onto to prevent or mitigate her fall. The lighting was also inadequate for Plaintiff to notice any material dangers and/or unreasonably distracting. There was also loud music and/or noises that were also inadequate for Plaintiff to notice any material dangers and/or unreasonably distracting. As a result of the fall, Plaintiff suffered severe injuries that included, but are not limited to, a dislocated shoulder, bruising, and completely torn tendons, torn biceps, and other injuries, including, but not limited to, injuries to her arm and shoulder. However, Plaintiff's torn tendons, biceps, and other injuries were not adequately diagnosed by Defendant when Plaintiff sought medical care at its medical center, causing additional pain and suffering and/or exacerbation of her injuries.

13.    At all times relevant, the subject threshold, area, and the vicinity, were unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

14.    The subject threshold, area, and the vicinity lacked adequate safety features to prevent Plaintiff's fall.

15.    These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

16.    These hazardous conditions existed for a period of time before the incident.

17.    These conditions were neither open nor obvious to Plaintiff.

18.    At all times relevant, Defendant failed to adequately inspect the area of Plaintiff's

incident for dangers, and Defendant failed to adequately warn Plaintiff of the dangers.

19.     At all times relevant, Defendant failed to eliminate the hazards.

20.     At all times relevant, Defendant failed to maintain the subject threshold, area, and the vicinity in a reasonably safe condition.

21.     At all times relevant, Defendant participated in the design and/or approved the design of the subject threshold, area, and the vicinity involved in Plaintiff's incident.

22.     At all times relevant, Defendant participated in the installation and/or approved the installation of the subject threshold, area, and the vicinity involved in Plaintiff's incident.

## COUNT I –
## NEGLIGENCE

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 as if set forth herein.

23.     The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

24.     Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

25.     Such duties also include, but are not limited to, the duty to maintain its thresholds, area, and the vicinity in a reasonably safe condition.

26.     Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

27.     At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were

negligent in one or more of the following ways:

    a.  Failing to inspect, keep, and maintain the subject threshold, area, and the vicinity in a reasonably safe condition;

    b.  Failing to install proper and reasonable safeguards to prevent passengers and people from being injured when using the subject threshold;

    c.  Failing to take proper precautions for the safety of passengers and people using the subject threshold;

    d.  Failing to warn Plaintiff of the risk-creating conditions of the threshold, area, and the vicinity;

    e.  Participating in and/or approving the design and/or installation of the dangerous and/or defective threshold, area, and the vicinity;

    f.  Failing to warn of known dangerous design and/or other defects of the subject threshold, area, and the vicinity;

    g.  Failing to adequately inspect and maintain the subject threshold, area, and the vicinity;

    h.  Failing to have adequate policies and procedures in place for inspection and maintenance of the subject threshold, area, and the vicinity;

    i.  Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

    j.  Failing to employ sufficient crewmembers and/or adequately trained crewmembers to properly inspect and maintain the area where Plaintiff's incident occurred, and Defendant knew or should have known that this area was inadequately staffed;

    k.  Failing to provide adequate handrails that Plaintiff could have used to prevent or

mitigate her fall;

l.   Failing to provide adequate and/or non-distracting lighting in the subject area;

m.   Failing to keep the subject area at a reasonable sound/noise level for passengers to be able to best and/or adequately appreciate any dangers;

n.   Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

o.   Failing to provide prompt, proper, and adequate medical care in its medical center, including, but not limited to, by failing to adequately diagnose and/or treat Plaintiff's injuries, preventing Plaintiff from adequately receiving timely treatment, causing additional pain and suffering, and/or causing exacerbation of her injuries;

p.   Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

q.   Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

28.   Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

29.   Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

30.   As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost

wages, and loss of future earning capacity.

31.     The losses are either permanent or continuing in nature.

32.     Plaintiff has suffered these losses in the past and will continue to suffer such

loses in the future.

**WHEREFORE**, Plaintiff, DEBRA ROBERTS, demands Judgment against Defendant,

CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and

costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and

suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and

treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important

bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre-and

post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

<u>COUNT II –</u>
<u>STRICT PRODUCTS LIABILITY AGAINST DEFENDANT FOR THE NEGLIGENT</u>
<u>DESIGN AND INSTALLATION OF THE SUBJECT THRESHOLD, AREA, AND THE</u>
<u>VICINITY</u>

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through

22 as is set forth herein.

33.     At all times material hereto, Defendant owed a duty to its passengers, and in

particular to Plaintiff, not to permit hazards to be in places where they could harm passengers,

such as the area of the incident, as well as to design and install reasonable safeguards.

34.     At all times material hereto, Defendant participated in the design process of the

subject vessel by generating design specifications for the shipbuilder to follow, and put the

vessel on which the Plaintiff was injured into the channels of trade.

35.     At all times material hereto, Defendant manufactured, designed, installed, and/or

utilized the Carnival Vista, including providing specifications to the shipbuilder in the original

build process, or during its refurbishments, and as such owed a duty to its passengers, and in

particular to the Plaintiff, to design and install the vessel's thresholds, areas, and their vicinities without any defects.

36.    At all times material hereto, Defendant through its agents and/or employees who were acting in the course and scope of their employment and/or agency with Defendant, installed and designed the subject threshold, area, and the vicinity involved in Plaintiff's incident, which was also in violation of the applicable industry standards.

37.    Upon information and belief, Defendant provides design elements of the vessels to the ship builder which includes the vessel's thresholds, areas, and their vicinities.

38.    Upon information and belief, Defendant maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessels, including the Carnival Vista, during the new build process.

39.    Upon information and belief, Defendant has the right to enter the ship and inspect it during construction to ensure that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

40.    Upon information and belief, Defendant has the right to inspect and reject design elements before taking possession of the ship.

41.    At all times material hereto, Defendant knew or had reason to know that the subject threshold, area, and the vicinity involved in Plaintiff's incident, were unreasonably and inherently dangerous.

42.    Defendant should have known of these dangerous conditions through inspecting the subject threshold, area, and their vicinity involved in Plaintiff's incident, and if it did not know of these dangerous conditions, this was because it failed to adequately inspect the subject threshold, area, and the vicinity involved in Plaintiff's incident.

43.    In addition, Defendant either knew or should have known of these dangerous

conditions, due to reasons that include, but are not limited to, prior substantially similar incidents, complaints of incidents, complaints of these conditions, the length of time that these conditions existed, because these conditions violated relevant safety standards, and/or for other reasons, including, but not limited to, reasons that will be revealed during discovery.

44.    However, Defendant permitted dangerous deficiencies to be present in the area of the incident without correcting these design deficiencies and did not design and install reasonable safeguards.

45.    The design flaws that made the subject threshold, area, and the vicinity involved in Plaintiff's incident inherently and unreasonably dangerous was the direct and proximate cause of Plaintiff's injuries.

46.    Defendant is strictly liable for the design flaws of the vessel, including of the subject threshold, area, and their vicinity involved in Plaintiff's incident, which it knew or should have known of.

47.    Defendant failed to correct and/or remedy the defective conditions despite the fact that they knew or should have known their danger.

48.    As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

49.    The losses are either permanent or continuing in nature.

50.    Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, DEBRA ROBERTS, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and

costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre-and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, DEBRA ROBERTS, demands trial by jury on all issues so triable.

**Dated:** December 24, 2019.

Respectfully submitted,

/s/ Spencer M. Aronfeld
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Matthias M. Hayashi, Esq.**
Florida Bar No.: 115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
*Attorneys for Plaintiff*