# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-25281-KMM

DEBRA ROBERTS,

      Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

      Defendant.

_____/

## **ORDER**

THIS CAUSE came before the Court upon Defendant Carnival Corporation's ("Carnival" or "Defendant") Motion for Summary Judgment ("Mot.") (ECF No. 63).  Plaintiff Debra Roberts ("Plaintiff") filed a response.  ("Resp.") (ECF No. 71).  Defendant filed a reply.  ("Reply") (ECF No. 81).  The Motion is now ripe for review.

## I.    BACKGROUND[1]

On June 1, 2019, Plaintiff was a passenger travelling on board the Carnival *Vista*.  Def.'s 56.1 ¶ 1; Pl.'s 56.1 Resp. ¶ 1.  While Plaintiff was walking down a corridor inside the ship, she tripped on a "threshold" (hereinafter, the "subject threshold").  Def.'s 56.1 ¶ 4; Pl.'s 56.1 Resp. ¶ 4.  The subject threshold is a metal strip that runs across the corridor and supports the functionality of a fire screen door.  Resp. Exhibit 2 (ECF No. 71-2) at 5; Continued Corporate Representative

_____

[1]  The undisputed facts are taken from Defendant's Statement of Material Facts in Support of Its Motion for Summary Judgment ("Def.'s 56.1") (ECF No. 64), Plaintiff's Response to Defendant's Statement of Facts in Support of Summary Judgement ("Pl.'s 56.1 Resp.") (ECF No. 73), Defendant's Reply in Support of the Statement of Material ("Def.'s 56.1 Reply") (ECF No. ECF No. 82), and a review of the corresponding record citations and exhibits.

Deposition ("Cont. Corp. Rep. Dep. Tr.") (ECF No. 66-4) at 62:5–8.

At Plaintiff's first deposition, she stated that she was aware of thresholds in walkways on cruise ships, including the Carnival *Vista*.  Def.'s 56.1 ¶ 2; Pl.'s 56.1 Resp. ¶ 2.  Plaintiff also acknowledged that she was aware that she would need to adjust her walking while on the *Vista* to account for thresholds.  Def.'s 56.1 ¶ 3; Pl.'s 56.1 Resp. ¶ 3.  Plaintiff also stated that, on this particular occasion, she saw the threshold before she tripped on it.  Def.'s 56.1 ¶ 4; Pl.'s 56.1 Resp. ¶ 4.  At Plaintiff's second deposition, she clarified that she was unaware of the height, size, and shape of the threshold—despite having been able to see it as she approached it.  Pl.'s 56.1 Resp. ¶ 5; Plaintiff's Second Deposition Transcript ("Pl. Second Dep. Tr.") (ECF No. 71-1) at 30:14–40:15.[2]  Plaintiff also stated at her first deposition that she was not looking down at the threshold when she stepped over it—but if she had looked down, she would have been able to see it.  Def.'s 56.1 ¶ 6; Pl.'s 56.1 Resp. ¶ 6; Plaintiff's First Deposition Transcript ("Pl. First Dep. Tr.") (ECF No. 64-1) at 88:21–89:11.[3]

It is undisputed that there were a number of incidents concerning the subject threshold after the *Vista* was initially delivered from the shipyard in 2016.  Def.'s 56.1 ¶ 7; Pl.'s 56.1 Resp. ¶ 7.  As a result of these incidents, Carnival filed a warranty claim with Fincantieri, the shipbuilder, and

---

[2]  Plaintiff also notes that she was unaware that the threshold "had a second half behind it and that it was divided in two by a partition that ran down the middle.  Plaintiff could only see half the threshold, which looked like one smaller threshold."  Pl.'s 56.1 Resp. ¶ 5 (citing Pl. Second Dep. Tr. at 30:14–40:15).  This is undisputed in Defendant's Reply 56.1.  Def.'s 56.1 Reply ¶ 5.  However, and in any event, it is undisputed that Plaintiff was able to see the threshold as she approached it.

[3]  Plaintiff does not dispute that "Plaintiff did not look directly down as she was walking."  Pl.'s 56.1 Resp. ¶ 6.  However, Plaintiff adds that, at times, there were other people in the area that obscured her view of the threshold.  *Id.* (citing Pl. Second Dep. Tr. at 30:14–40:15).  This is insufficient to dispute the facts that (1) she was not looking down at the threshold when she stepped over it, (2) that if she had looked down, she would have been able to see the threshold, and (3) she saw the subject threshold as she approached it.

sought a correction of this issue.  Def.'s 56.1 ¶ 8; Pl.'s 56.1 Resp. ¶ 8.  In 2016, Fincantieri modified and replaced the threshold, which initially reduced the number of incidents, but did not completely eliminate them.  Def.'s 56.1 ¶ 9.[4]

Carnival put down a carpet next to the subject threshold in 2017 due to the continuing incidents.  Def.'s 56.1 ¶ 9.  The carpet was placed in front of the threshold in February of 2017.  Pl.'s 56.1 Resp. ¶ 10 (citing Corporate Records (ECF No. 71-3) at 115, 125).  There was one incident with the subject threshold on April 1, 2017.  Pl.'s 56.1 Resp. ¶¶ 10–11 (citing Corp. Rep. Dep. Tr. at 118:14–119:13).  The Court is without any facts as to the circumstances of the April 2017 incident, beyond the fact that it occurred.  Def.'s 56.1 ¶¶ 10–11; Pl.'s 56.1 Resp. ¶¶ 10–11.  After that incident, it is undisputed that there were no further incidents with the subject threshold until Defendant's incident in June of 2019.  Def.'s 56.1 ¶ 11; Pl.'s 56.1 Resp. ¶ 11.  Although Carnival sought modifications of the original threshold after it became apparent that it was accident-prone, there is no record evidence that Carnival designed, participated in the design of, or approved the design of the subject threshold.  Def.'s 56.1 ¶¶ 19–20; Pl.'s 56.1 Resp. ¶¶ 19–20.  Further, Carnival's corporate representative, Ms. Vasquez, testified at her deposition that with "respect to the fire safety doors and the threshold, Carnival does not participate in any way in the design or manufacture of those thresholds."  Def.'s 56.1 ¶ 20; Cont. Corp. Rep. Dep. Tr. at 62:5–8).[5]

---

[4]  Plaintiff has not pointed to any facts that show there was not a reduction in incidents after the modifications.  Pl.'s 56.1 Resp. ¶ 9.  The Court finds that it is undisputed that there continued to be incidents with this threshold after the modifications and that the number of incidents was, at least initially, reduced.  Def.'s 56.1 ¶ 9 (citing Corporate Representative Deposition ("Corp. Rep. Dep. Tr.") (ECF No. 64-2) at 31:5–8).

[5]  Plaintiff disputes this on the grounds that "Defendant at least approved the design of the subject threshold, but the evidence also shows that Defendant participated in the design as well."  Pl.'s 56.1 Resp. ¶¶ 19–20 (citing Corp. Rep. Dep. Tr. at 34:18–35:9, 39:7–13, 40:3–22, 133:4–15; Cont.

It is undisputed that Plaintiff's expert, Dr. Francisco De Caso, testified during his deposition that the seal of the subject threshold appeared to be in place. Def.'s 56.1 ¶ 14 (citing Deposition of Dr. Francisco De Caso ("De Caso Dep. Tr.") (ECF No. 64-3) at 189:25–191:6); Pl.'s 56.1 Resp. ¶ 14 ("Defendant is correct that Dr. De Caso clarified during his deposition that the seal of the subject threshold did actually appear to be present."). There is no dispute that there was adequate lighting for Plaintiff to see the subject threshold at the time of the incident. Def.'s 56.1 ¶ 15; Pl.'s 56.1 Resp. ¶ 15.[6] However, Plaintiff did testify that the "Dreamscape" lighting apparatus and noise from the piano bar were factors that distracted her from the threshold. Pl.'s 56.1 Resp. ¶ 16; Pl. First Dep. Tr. at 153:18–155:19; 166:12–167:14; *see also* Pl. First Dep. Tr. at 151:20–154:17. The Dreamscape has been described as a "light cone" which is "similar to a lava lamp" and "eye-catching." Pl. First Dep. Tr. at 152:24–154:9.

---

Corp. Rep. Dep. Tr. at 9:21–11:19, 52:10–53:14, 143:6–12; Defendant's Amended Supplemental Responses to Deposition Answers (ECF No. 71-7) at 1). The evidence cited to by Plaintiff involves: (1) an effort to put reflective tape over the original threshold, which was later replaced, (2) decisions and efforts by Carnival to submit a warranty claim to Fincantieri, the shipbuilder, to have the original threshold replaced, and (3) the date on which Carnival accepted the *Vista* from Fincantieri, April 29, 2019. *See* Corp. Rep. Dep. Tr. at 34:18–35:9, 39:7–13, 40:3–22, 133:4–15; Cont. Corp. Rep. Dep. Tr. at 9:21–11:19, 52:10–53:14, 143:6–12; Defendant's Amended Supplemental Responses to Deposition Answers (ECF No. 71-7) at 1. None of this evidence suggests that Carnival participated in, or otherwise approved of, the design of the subject threshold.

[6] Defendant asserts that there "is no record evidence that the lighting in the area caused Plaintiff's accident." Def.'s 56.1 ¶ 15. In response, Plaintiff notes "Plaintiff's expert is offering opinions that this lighting was inadequate." Pl.'s 56.1 Resp. ¶ 15. However, Plaintiff provides no citation to Dr. De Caso's deposition, or any other record evidence, which suggests that the lighting was inadequate. *Id.* To the contrary, Dr. De Caso stated that "the general lighting in the corridor, assuming that she came down through the elevator, seemed to be okay." De Caso Dep. Tr. at 31. Further, Plaintiff testified at her first deposition that the lighting in the hall was sufficient for someone to see the thresholds, that she saw the thresholds before she encountered them, and that she was "not making the claim that [she] could not see the thresholds on the floor[.]" Pl. First Dep. Tr. at 114:9–116:16. Setting aside the lighting issues with the "Dreamscape" lighting apparatus, discussed below—the Court finds it to be uncontroverted that Plaintiff was able to see the subject threshold given the lighting conditions in the corridor.

Plaintiff has provided evidence that the size, shape, and height of the subject threshold may have played a role in her accident.[7]  However, although the height may have obscured Plaintiff's ability to ascertain the size and shape of the subject threshold, she also testified in her second deposition that she would have been able to determine these characteristics of the subject threshold, if she had looked down as she stepped over it.  Def.'s 56.1 Reply ¶ 22; Pl. Second Dep. Tr. at 23:19–25.

At Dr. De Caso's deposition, he testified that he could not say with certainty that the height of the threshold was the cause of the incident.  Def.'s 56.1 ¶ 23 (citing De Caso Dep. Tr.at 79:4–9).  However, he did say that there was an increased risk based on the height of the threshold.  De Caso Dep. Tr. at 79:9–12.

On June 29, 2020, Plaintiff filed the operative Amended Complaint.  ("Am Compl.") (ECF No. 30).  Therein, Plaintiff brings a negligence claim for failure to exercise reasonable care under the circumstances ("Negligence Claim") (Count I), *see* Am. Compl. ¶¶ 23–38, and a strict products liability claim for negligent design and installation of the subject threshold ("Products Liability Claim") (Count II), *see id.* ¶¶ 39–56.

Now, Defendant moves for summary judgement as to both the Negligence Claim and the Products Liability Claim.  *See generally* Mot.

---

[7]  Defendant asserts that there is no record evidence that the height or width of the threshold caused Plaintiff's accident.  Def.'s 56.1 ¶ 22.  Plaintiff disputes this by citing three different facts.  Pl.'s 56.1 Resp. ¶ 22.  First, there is a portion of Plaintiff's second deposition in which she describes her foot as having gotten caught in a groove that runs down the middle of the threshold.  Pl.'s 56.1 Resp. ¶ 22 (citing Pl. Second Dep. Tr.at 30:14–40:15).  Second, Plaintiff testified that she was unable to ascertain the width and shape of the subject threshold, which she asserts is larger than other thresholds, because she could not see half of it.  Pl.'s 56.1 Resp. ¶ 22 (citing Pl. Second Dep. Tr. at 30:14–40:15).  And third, Plaintiff points to parts of Dr. De Caso's testimony in which he discusses how Plaintiff's foot got caught in the groove of the subject threshold, causing her to fall.  Pl.'s 56.1 Resp. ¶ 22 (citing De Caso Dep. Tr. at 162:2–169:4).

## II.     LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56).  A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted).  "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).  Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment.  *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  In assessing whether the moving party has met this burden, a court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party.  *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001).  Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment.  *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted).  But if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## III.    DISCUSSION

Defendant argues that it is entitled to summary judgement because: (1) the conditions that are alleged to have caused Plaintiff's incident were open and obvious, (2) there is no record evidence that Defendant had notice of a risk-creating condition, (3) there is no record evidence of negligent maintenance, (4) there is no record evidence that Defendant designed the subject threshold, and (5) there is no record evidence supporting any of Plaintiff's other negligence claims. *See generally* Mot.

In response, Plaintiff's asserts that there is record evidence that creates a genuine issue of material fact as to (1) Defendant's duty to warn, (2) Defendant's failure to remedy the threshold, (3) Defendant's failure to provide "adequate or non-distracting lighting," (4) Defendant's failure to keep a reasonable sound/noise level, and (5) Defendant's negligent design of the subject threshold. *See* Resp. 18–20.

Viewing the facts in the light most favorable to Plaintiff, the Court finds that Defendant is entitled to summary judgement as to both counts of the Amended Complaint.  Plaintiff has failed to adduce evidence that the risks posed by the subject threshold were not open and obvious. Further, Plaintiff has failed to put forth sufficient evidence showing that (1) Defendant had actual or constructive notice of a dangerous condition, (2) Defendant designed the subject threshold or failed to maintain the threshold, and (3) a genuine issue of material fact exists with respect to any of its remaining claims of negligence.  Thus, Defendant is entitled to judgment as a matter of law.

### A.    Applicable Law.

"[I]t is a settled principle of maritime law that a shipowner owes a duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Smith v. Royal Caribbean Cruises, Ltd.*, 620 F. App'x 727, 729 (11th Cir. 2015) (quoting *Doe v. Celebrity*

*Cruises, Inc*., 394 F.3d 891, 908 (11th Cir. 2004) (citation omitted)).  However, "[a] carrier by sea does not serve as an insurer to its passengers; it is liable only for its negligence."  *Weiner v. Carnival Cruise Lines*, No., 2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012) (citing *Kornberg v. Carnival Cruise Lines, Inc*., 741 F.2d 1332, 1334 (11th Cir. 1984)).

"To prevail on a maritime tort claim, a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm."  *Smith*, 620 F. App'x at 730 (citing *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012) (other citations omitted)).   The Eleventh Circuit has held that "[t]he ordinary-reasonable-care-under-the-circumstances standard we apply, as a prerequisite to imposing liability, requires that the shipowner have had actual or constructive notice of the risk-creating condition, at least where, as here, the risk is one just as commonly encountered on land (or, in a pool built on land) and not clearly linked to nautical adventure."  *Id.* (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)).

However, "federal courts need not even reach the defendant's actual or constructive notice of a risk-creating condition if they determine that condition was an open and obvious danger.  The duty to warn in the maritime tort context extends to only known dangers which are not apparent and obvious."  *Smith, Ltd.*, 620 F. App'x at 730 (11th Cir. 2015) (citing *Cohen v. Carnival Corp*., 945 F. Supp. 2d 1351, 1357 (S.D. Fla. 2013); *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 n.1, 42 (S.D. Fla. 1986) (dismissing passenger's claim because the presence of a ledge behind a shower curtain was an open and obvious condition), *aff'd*, 808 F.2d 60 (11th Cir. 1986); *Mosher v. Speedstar Div. of AMCA Int'l, Inc*., 979 F.2d 823, 826 (11th Cir. 1992) (stating that, under Florida law, obvious danger bars failure-to-warn claims)).

"Open and obvious conditions are those that should be obvious by the ordinary use of one's senses." *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1345 (S.D. Fla. 2015) (quoting *Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015)). "Whether a danger is open and obvious is determined from an objective, not subjective, point of view." *Id.* (quoting *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, at *3 (S.D. Fla. Dec. 7, 2015) (internal quotation and citation omitted); *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008) ("Individual subjective perceptions of the injured party are irrelevant in the determination of whether a duty to warn existed.").

"Maritime law recognizes the doctrine of comparative negligence, including in personal injury cases." *In re Gozleveli*, No. 12-61458-CV, 2015 WL 3917089, at *4 (S.D. Fla. June 25, 2015) (citing *Holderbaum v. Carnival Corp.*, No. 13-cv-24216, 2015 WL 728362, at *12 (S.D. Fla. Feb.19, 2015) (citing *United States v. Reliable Transfer Co., Inc.*, 421 U.S. 397, 411 (1975)). In certain circumstances, therefore, a plaintiff can still recover damages "even if [a] plaintiff is injured by an open and obvious danger." *See Johnson v. Carnival Corp.*, No. 07-20147-CIV, 2007 WL 9624463, at *3 (S.D. Fla. Dec. 13, 2007); *see also Carroll v. Carnival Corp.*, 955 F.3d 1260, 1268 (11th Cir. 2020). However, despite the nature of comparative negligence, the Eleventh Circuit has upheld summary judgement in circumstances where a dangerous condition is open and obvious. *See Krug v. Celebrity Cruises, Inc.*, 745 F. App'x 863, 867 (11th Cir. 2018) ("Defendant did not breach its duty of reasonable care by failing to warn Plaintiff of a condition of which she, or a reasonable person in her position, would be aware."); *see also Leroux v. NCL (Bahamas) Ltd.*, 743 F. App'x 407, 409–10 (11th Cir. 2018) ("Here, the risk-creating condition, the raised threshold, was open and obvious to Plaintiff by her own account."); *Smith*, 620 F. App'x at 730 ("Defendant Royal did not breach its duty of reasonable care by failing to warn him of a condition

9

of which he, or a reasonable person in his position, would be aware.").

**B.    Carnival Had No Duty to Warn of an Obvious Condition.**

In the Amended Complaint, Plaintiff asserts that Defendant is liable for negligence because of Defendant's failure to warn Plaintiff with respect to dangers arising from the subject threshold. Am. Compl. ¶¶ 26, 27(d).

Defendant argues it is entitled to summary judgement because "[w]here an alleged dangerous condition is open and obvious, a Plaintiff cannot establish a duty." Mot. at 5. Defendant contends that the evidence in the record demonstrates that the subject threshold was an open and obvious condition. *Id*. at 6. In response, Plaintiff contends that "openness and obviousness" is a fact issue that cannot be disposed of on summary judgement. Resp. at 3. Further, Plaintiff argues that she can still recover damages, even if the condition was open and obvious, under the doctrine of pure comparative negligence—which is applicable in maritime cases. *Id*. In reply, Defendant counters that Plaintiff is incorrect because Eleventh Circuit has upheld summary judgements based on openness and obviousness. Reply at 2 (citing *Krug*, 745 App'x at 866; *Leroux*, 743 F. App'x at 408 (other citation omitted)).

Here, Defendant did not breach its duty of reasonable care by failing to warn Plaintiff of a condition of which she, or a reasonable person in her position, would be aware. *Krug*, 745 F. App'x at 867. The following facts are undisputed. First, Plaintiff testified that she was able to see the threshold as she approached it. Pl. First Dep. Tr. at 88:21–89:11. Second, Plaintiff testified that she was aware that there were thresholds on Carnival's ships, including the *Vista*. Pl. First Dep. Tr. 77:13–18. Third, Plaintiff testified that she was aware that she would need to adjust her gait while stepping over the subject threshold. Pl. First Dep. Tr. at 77:19–25. Fourth, Plaintiff testified that although she was not looking down at the time of the incident, she could have seen

the subject threshold if she had.  Pl. First Dep. Tr. at 88:21–89:11.  Taken together, these uncontroverted facts demonstrate that a reasonable person in Plaintiff's position would have been aware of any risks posed by the subject threshold.  *Krug*, 745 App'x at 866; *Leroux*, 743 F. App'x at 408.

Plaintiff contends that although the threshold may have been open and obvious, the danger posed by the threshold was not.  Resp. at 4–5 (citing *Petersen v. NCL (Bahamas) Ltd.*, 748 F. App'x 246, 250 (11th Cir. 2018)).  Plaintiff points to number of facts that, in her view, render the risks posed by the subject threshold to be not open and not obvious.  For example, Plaintiff points to the following: (1) Plaintiff's testimony that although she saw the subject threshold as she approached it, she was unable to ascertain its height, size, and shape, Pl. Second Dep. Tr. at 30:14–40:15, (2) Plaintiff's testimony that she got her foot caught in the threshold because she was unaware of its height, size, and shape of the subject threshold, Pl. Second Dep. Tr. at 30:14–40:1, (3) the distracting nature of the Dreamscape lighting, Resp. at 7 (citing Pl. First Dep. Tr. at 153:18–155:19, 166:12–167:14), and (4) Plaintiff's expert's view that contrasting paint or warning signs should have been implemented.  Resp. at 8 (citing (ECF No. 60-2) at 3; *id.* at 4, ¶¶15–16).  However, here, Plaintiff saw the subject threshold as she approached it and could have seen it as she stepped over it, if she had looked down.  Therefore, none of the facts cited by Plaintiff change that the risks associated with the subject threshold were "open and obvious to any reasonably prudent person through the exercise of common sense and the ordinary use of their eyesight." *Taiariol v. MSC Crociere, S.A.*, No. 0:15-CV-61131-KMM, 2016 WL 1428942, at *4 (S.D. Fla. Apr. 12, 2016), *aff'd*, 677 F. App'x 599 (11th Cir. 2017) (quoting *Lugo*, 2015 WL 9583280, at *4).  In short, Plaintiff's arguments, which are directed largely at her subjective experience, have no bearing on whether a reasonable person in Plaintiff's position would have been aware of the

risks posed by the subject threshold in light of the aforementioned unconverted facts.

Plaintiff contends that the Court should not grant summary judgement because (1) the question of openness and obviousness is viewed through the lens of comparative negligence, and (2) the Court should not weigh evidence as to openness and obviousness of risks posed by the subject threshold when ruling on the instant Motion for Summary Judgement.   Resp. at 3. However, there is no genuine issue of material fact with respect to the basis upon which the Court has determined the risks posed by the subject threshold to be open and obvious.  Plaintiff has failed to adduce any evidence of a negligent failure to warn by Defendant.  Further, the Eleventh Circuit has routinely upheld summary judgements based upon a determination of openness and obviousness, despite the role of comparative negligence in maritime tort law.  *Krug*, 745 App'x at 866; *Leroux,* 743 F. App'x at 408; *see also Morrison v. Royal Caribbean Cruises, Ltd*., No. 19-21220-CIV, 2020 WL 5440580, at *7 (S.D. Fla. Sept. 10, 2020) ("Given *Krug*, the Undersigned cannot agree that the open and obvious issue can **never** be determined in the summary judgment context." (emphasis in original)).  Therefore, here, where Plaintiff has failed to present evidence creating a genuine issue of material fact as to the claim that Defendant breached its duty to warn, summary judgement is appropriate.

Plaintiff seeks to distinguish *Leroux* because, here, Plaintiff had not previously stepped over the subject threshold without incident.  Resp. at 5 (citing *Leroux.*, 743 F. App'x 409–10). Further, Plaintiff contends that here, unlike in *Leroux*, the threshold was divided in two parts such that the back half was not visible and because the Dreamscape lighting was distracting.  Resp. at 5.  However, these points of distinction do not change the fact that, here, the condition was open and obvious.

Accordingly, for the reasons discussed above, Defendant has met its burden of

demonstrating the absence of a genuine issue of material fact with respect to the openness and obviousness of any risks relating to the subject threshold. Plaintiff has failed to present evidence showing a genuine issue of material fact. Therefore, Defendant is entitled to summary judgment with respect to Count I of the Complaint, to the extent it is premised upon a failure to warn.

### C.   There Is No Record Evidence That Carnival Had Actual or Constructive Notice.

Defendant argues that it is entitled to summary judgment because there is no record evidence that Carnival had actual or constructive notice of a dangerous condition. Mot. at 7. Further, Defendant contends that, to the extent Plaintiff claims to have been distracted by the Dreamscape lighting, "there is no record evidence of any prior incident involving the Dreamscape or any passenger being distracted by it." *Id*. at 8. Additionally, Defendant contends that "following the placement of the carpet in April 2017, there were no more trip and falls on the subject threshold until the Plaintiff's incident on June 1, 2019." *Id*. In response, Plaintiff contends that Defendant was on notice of risks posed by the subject threshold because there had been a number of incidents that occurred involving the subject threshold in the past. Resp. at 16.

For the reasons discussed below, even if the subject threshold was not an open and obvious condition—which it was, Plaintiff's failure to warn claim would still fail because there is no record evidence of actual or constructive notice of a dangerous condition.

### 1.   There Is No Evidence That Defendant Had Notice of Risks Associated with Dreamscape Lighting.

Defendant contends that because "there is not a scintilla of evidence of any other passenger tripping and falling because they were distracted by the Dreamscape and not paying attention to where they were walking, Plaintiff has failed to establish notice of the alleged dangerous condition in this case." Reply at 6. Plaintiff has not pointed to any evidence that Defendant was on notice

13

of risks associated with the Dreamscape lighting. *See generally* Resp.; *see also generally* Pl.'s 56.1 Resp.

As previously mentioned *supra*, the Eleventh Circuit has held that "[t]he ordinary-reasonable-care-under-the-circumstances standard we apply, as a prerequisite to imposing liability, requires that the shipowner have had actual or constructive notice of the risk-creating condition, at least where, as here, the risk is one just as commonly encountered on land (or, in a pool built on land) and not clearly linked to nautical adventure." *Smith,* 620 F. App'x at 730 (citing *Keefe*, 867 F.2d at 1322). There are two ways that constructive notice can be shown. First, "a plaintiff can establish constructive notice by showing that a 'defective condition existed for a sufficient period of time to invite corrective measures.'" *Tesoriero v. Carnival Co*rp., 965 F.3d 1170, 1178 (11th Cir. 2020) (quoting *Guevara v. NCL (Bahamas) Ltd*., 920 F.3d 710, 720 (11th Cir. 2019). Second, "a plaintiff can show evidence of 'substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Id*. (quoting *Guevara*, 920 F.3d at 720).

Under the "substantial similarity doctrine," a party must provide evidence of "conditions substantially similar to the occurrence in question" that "caused the prior accident." *Taiariol*, 2016 WL 1428942, at *4 (citing *Jones v. Otis Elevator Co*., 861 F.2d 655, 661–62 (11th Cir. 1988) (citation omitted); *see also Sorrels v. NCL (Bahamas) Ltd*., 796 F.3d 1275, 1287–88 (11th Cir. 2015) (affirming district court's ruling that "evidence of 22 other slip and fall incidents" aboard defendant's vessel did not meet the "substantial similarity doctrine" as none of the falls occurred where plaintiff fell, other injured passengers wore varying styles of footwear, and additional factors were involved) (other citations omitted).

In *Sorrels*, the Eleventh Circuit stated that the "'substantial similarity' doctrine does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence"   *Sorrels*, 796 F.3d at 1287.

Here, the Court is without any evidence of a substantially similar occurrence in which an individual failed to negotiate the subject threshold due to distractions caused by the Dreamscape lighting.  Further, the Court is without any evidence of any prior accidents caused on the *Vista* by the Dreamscape lighting in general.  Accordingly, without actual or constructive notice of dangers associated with the Dreamscape lighting, Plaintiff's assertions of negligence, which are premised upon these distractions, are without merit.   *Smith*, 620 F. App'x at 730 ("The ordinary-reasonable-care-under-the-circumstances standard we apply, as a prerequisite to imposing liability, requires that the shipowner have had actual or constructive notice of the risk-creating condition[.]"); *see also Sorrels*, 796 F.3d at 1287–88.

### 2. There Is No Record Evidence That Carnival Had Notice of Dangers Relating to the Subject Threshold under the Conditions that Existed at the Time of Plaintiff's Incident.

The Court need not address whether Defendant had actual or constructive notice of any risks associated with the subject threshold because any risk was open and obvious.  *Smith*, 620 F. App'x at 730 (citing *Cohen*, 945 F. Supp. 2d at 1357 ("But federal courts need not even reach the defendant's actual or constructive notice of a risk-creating condition if they determine that condition was an open and obvious danger.  The duty to warn in the maritime tort context extends to only known dangers which are not apparent and obvious.")).  Further, Plaintiff's negligence claim is premised upon the distracting nature of the Dreamscape lighting, to which Defendant had no actual or constructive notice, as discussed above.  However, it bears mentioning that even if the risks associated with the subject threshold were not open and obvious and Defendant was on notice

of the distracting nature of the Dreamscape—Plaintiff's negligence claim would still fail for lack of notice because there is no record evidence of a substantially similar incident involving the subject threshold.

To begin, Plaintiff seems to assert that it is not possible for Defendant to claim it was without notice of a risk arising from an open and obvious condition. Resp. at 4. Plaintiff's contention is nonsensical and attempts to conflate two different concepts. Simply put, Defendant can have no notice of a risk where passengers routinely negotiate an open and obvious condition. *See, e.g.*, *Taiariol*, 2016 WL 1428942, at *4

Here, there is no dispute that there were a number of incidents involving the subject threshold after the ship was delivered in 2016. Def.'s 56.1 ¶ 7; Pl.'s 56.1 Resp. ¶ 7. It is also undisputed that these incidents prompted Defendant to submit a warranty claim to Fincantieri to have the original threshold replaced. Def.'s 56.1 ¶ 8; Pl.'s 56.1 Resp. ¶ 8. Further, it is undisputed that after Fincantieri replaced the threshold, the number of incidents were reduced, but not entirely eliminated. Def.'s 56.1 ¶ 9; Corp. Rep. Dep. Tr. at 31:5–8). The continued incidents with the threshold prompted Carnival to place a carpet in front of the subject threshold. Def.'s 56.1 ¶ 9. The evidence before the Court shows that the carpet was placed in February of 2017 and, despite placing the carpet, there was one incident regarding the subject threshold in April of 2017. Pl.'s 56.1 Resp. ¶ 10–11 (citing Corp. Rep. Dep. Tr. at 118:14–119:13). It is uncontroverted that after April 2017, there were no further incidents regarding the subject threshold until Defendant's incident in June of 2019—over two years later. Def.'s 56.1 ¶ 11; Pl.'s 56.1 Resp. ¶ 11

The accidents that occurred before Fincantieri's modifications and the placement of the carpet did not occur under conditions substantially similar to those that existed in June of 2019, at the time of Plaintiff's incident. *Taiariol*, 2016 WL 1428942, at *4 (citing *Otis Elevator Co.*, 861

F.2d at 661–62; *Sorrels*, 796 F.3d at 1287–88).  This leaves the question of whether the April 2017 incident, alone, could have put Carnival on notice that a dangerous condition existed in June of 2019.  The Court finds that it did not, for the following reasons.

First, the April 2017 incident occurred over two years before Plaintiff's June 2019 incident. Previously, before the placement of the carpet, there had been several incidents involving the subject threshold.  Therefore, the number of incidents relating to the subject threshold was drastically reduced by Fincantieri's modifications and the placement of the carpet to a single incident in April 2017.  Further, by the time Plaintiff had tripped on the subject threshold, over two years had passed without incident.  To the extent the April 2017 incident could be construed as placing Defendant on notice at all, it is too remote to have placed Defendant on notice of any risks in June of 2019 because, by that time, the subject threshold appeared have been rendered safe by the placement of the carpet.  *See, e.g.*, *Taiariol*, 2016 WL 1428942, at *6 ("Quite simply, there is no evidence that accidents like the subject incident frequently occurred in the Pantheon Theater or involved metal stair 'nosings,' to render steps—like the one at issue here—unreasonably dangerous to traverse.").

Second, the Court is without any evidence as to the circumstances of the April 2017 incident involving the subject threshold, other than the mere fact that it occurred.  In the instant case, Plaintiff alleges that the incident occurred under a very specific set of circumstances. Specifically, she alleges that she was distracted by the Dreamscape lighting such that and, despite having seen the subject threshold as she approached it, she failed to look down at it while she walked over it and tripped.  Pl.'s 56.1 Resp ¶¶ 14–15.  The Court is without any evidence as to whether the April 2017 incident relates to the Dreamscape.  *See generally* Def.'s 56.1; *see also generally* Pl.'s 56.1 Resp.  In certain circumstances, a single prior accident alone can provide

adequate notice. *See, e.g.*, *Taiariol*, 677 F. App'x 599, 601 (11th Cir. 2017); *Hicks*, 2020 WL 4501828, at * 4. That is not the case here where the Court is without any evidence regarding the prior incident, beyond the mere fact that it occurred. Without such evidence, the Court is unable to determine if "conditions substantially similar to the occurrence in question . . . caused the prior accident." *Jones v. Otis Elevator Co*., 861 F.2d at 662. In *Sorrels*, the Eleventh Circuit upheld the "district court's ruling that 'evidence of 22 other slip and fall incidents' aboard defendant's vessel did not meet the 'substantial similarity doctrine' as none of the falls occurred where plaintiff fell, other injured passengers wore varying styles of footwear, and additional factors were involved." *Taiariol,* 2016 WL 1428942, at *5 (citing *Sorrels*, 796 F.3d at 1287–88). Accordingly, the Eleventh Circuit has affirmed summary judgement where the facts show that prior accidents were not substantially similar. *Id*.

Here, the Court is wholly without any facts to even review whether the incidents were substantially similar because the record is devoid of any facts relating to the circumstances of the April 2017 incident. Def.'s 56.1 ¶¶ 10–11; Pl.'s 56.1 Resp. ¶¶ 10–11.[8] Further, there is no record evidence that the April 2017 incident arose due to the allegedly distracting nature of the Dreamscape. *See generally* Def.'s 56.1; *see also generally* Pl.'s 56.1 Resp. "The 'mere implication of actual or constructive notice is insufficient to survive summary judgment'; rather, a plaintiff must show 'specific facts demonstrating, at least, that the purported defect was detectable with sufficient time to allow for corrective action.'" *Lipkin v. Norwegian Cruise Line Ltd*., 93 F. Supp. 3d 1311, 1323 (S.D. Fla. 2015) (citing *Cohen v. Carnival Corp*., 945 F. Supp. 2d

---

[8]  In *Sorrels*, the Court was able to compare the facts of the prior incident with the plaintiff's incident—such as by comparing the shoes worn in each circumstance, etc. *See Sorrels*, 796 F.3d at 1287–88. Without any evidence as to the circumstances of the April 2017 incident, the Court is unable to engage in this analysis and cannot reach whether these incidents were substantially similar.

1351,1357 (S.D. Fla. 2013).

Third, there is no record evidence that the April 2017 incident arose due to the allegedly distracting nature of the Dreamscape. *See generally* Def.'s 56.1; *see also generally* Pl.'s 56.1 Resp.

In sum, over two years passed following the April 2017 incident during which there is no record evidence of another accident and there is no record evidence upon which the Court can determine that the April 2017 incident was substantially similar to Plaintiff's incident. For example, the Court is unable to determine the Dreamscape played a role in the April 2017 incident, which Plaintiff asserts distracted her from the subject threshold. Pl. First Dep. Tr. at 153:18–155:19. For these reasons, even if the subject threshold was not an open and obvious condition, Plaintiff's negligence claim arising out of an alleged failure to warn would still fail for lack of notice. *See, e.g., Taiariol,* 2016 WL 1428942, at *5 (citing *Sorrels*, 796 F.3d at 1287–88).

Accordingly, for the reasons discussed above, Defendant has met its burden of showing the absence of a genuine issue of material fact with respect to Defendant's actual or constructive notice of a dangerous condition. Plaintiff has again failed to present evidence showing a genuine issue of material fact. As such, even if the subject threshold was not open and obvious, Defendant is entitled to summary judgment with respect to Count I of the Complaint, to the extent it is premised upon a failure to warn.[9]

---

[9]   Below, the Court has found that Plaintiff's remaining theories of negligence are without merit. However, several of these theories would be precluded by a lack of actual or constructive notice of a dangerous condition. Accordingly, to the extent such theories would require adequate notice, Defendant's lack of notice provides an alternative basis for finding several of Plaintiff's remaining alleged duties to be without merit.

**D.     Plaintiff's Other Claims Are Unsupported by Record Evidence.**

Plaintiff argues that because the Amended Complaint "includes allegations of negligent design, as well as negligent failure to remedy the subject threshold, which is not predicated on a failure to warn, the open and obvious doctrine cannot function to dismiss Plaintiff's case." Resp. at 4. However, to the extent Plaintiff's negligence claim is premised upon theories beyond Defendant's duty to warn—these allegations, too, are unsupported by record evidence.

**1.   There Is No Record Evidence of Negligent Maintenance.**

In the Amended Complaint, Plaintiff asserts that Defendant is liable for negligence because of Defendant's failure to maintain the subject threshold.   Am. Compl. ¶¶ 25, 27(a), (g), (p). Defendant contends that that there is no record evidence of any failure to maintain the subject threshold or the surrounding area.  Mot. at 9.  Further, Defendant points out that Plaintiff's expert "conceded that the threshold did not need any maintenance at the time of the incident and that there was no evidence that any failure to maintain the threshold caused Plaintiff's incident."  *Id*. (citing De Caso Dep. Tr. at 189:25–191:6).  Plaintiff does not respond specifically to Defendant's assertion that there is no evidence of negligent maintenance in its Response or in its 56.1 Response. *See generally* Response, *see also* Pl.'s 56.1 Resp. ¶ 13.   Rather, Plaintiff simply states that "Defendant has failed to remedy a known danger."   Pl.'s 56.1 Resp. ¶ 13.

Here, the Court finds that there is no record evidence of any failure by Defendant to maintain the subject threshold or the surrounding area.  Indeed, Plaintiff's expert testified that the seal on the subject threshold was properly in place at the time of the incident.  De Caso Dep. Tr. at 189:25–191:6.  Plaintiff has pointed to no other evidence of negligent maintenance.  Pl.'s 56.1 Resp. ¶ 13.

To the extent Plaintiff asserts that Defendant's alleged "fail[ure] to remedy a known danger," or otherwise take adequate precautions, constitutes negligent maintenance or is an independent basis for negligence—the record is devoid of any evidence as to that as well. Pl.'s 56.1 Resp. ¶ 13; Am. Compl. ¶¶ 27 (b), (c), (e), (i). Defendant's arguments with respect to lack of notice and adequacy of maintenance, discussed above, are applicable here. *See generally* Mot. The Court addresses this theory below.

To begin, Plaintiff asserts that she has uncovered "enough evidence in discovery to create a genuine issue of material fact on the issue of . . . Defendant's negligent failure to remedy the subject threshold[.]" Resp. at 18 (citing Am. Compl. ¶ 27(i)). Yet, Plaintiff cites to no evidence in support of this position. *Id*. at 18. To the contrary, the available record evidence shows that Defendant took steps to remedy the subject threshold through Fincantieri's modifications and the placement of the carpet. After Defendant took these steps, there was one incident in April of 2017 and then no incidents for over two years, up until Plaintiff's incident in June 2019. Def.'s 56.1 ¶ 11; Pl.'s 56.1 Resp. ¶ 11. The Court is without any evidence as to the specifics of the April 2017 accident and there is, therefore, no evidence that this lone incident should have put Defendant on notice of any known danger requiring remedy. Moreover, after two years passed during which there were no incidents with respect to the subject threshold, Defendant would be reasonable in believing the subject threshold did not require any remedy. *Smith*, 620 F. App'x at 730 ("[t]he ordinary-reasonable-care-under-the-circumstances standard we apply, as a prerequisite to imposing liability, requires that the shipowner have had actual or constructive notice of the risk-creating condition"). Consequently, there is no record evidence showing that Defendant acted unreasonably with respect to any need to remedy or maintain the subject threshold.

Accordingly, for the reasons discussed above, Defendant has met its burden of

demonstrating the absence of a genuine issue of material fact regarding the maintenance of the subject threshold.   Further, Plaintiff has failed to rebut Defendant's showing.   Therefore, Defendant is entitled to summary judgment with respect to Count I of the Complaint, to the extent it is premised upon a failure to maintain or remedy the subject threshold.[10]

### 2.   There Is No Record Evidence That Carnival Created, Participated in, or Approved the Design of the Subject Threshold.

In the Amended Complaint, Plaintiff asserts that Defendant is liable for negligence because Defendant "[participated in and/or approved] the design and/or installation of the dangerous and/or defective threshold, area, and the vicinity."  Am. Compl. ¶ 27(e).  Further, Plaintiff alleges that Defendant is strictly liable for these alleged design flaws due to its participation in the design processes.  Am. Compl. ¶¶ 39–56.

Defendant contends that it is entitled to summary judgement with respect to Plaintiff's negligent design claims because there is no record evidence that Defendant "actually created, participated in, or approved the alleged improper design."  Mot. at 10–11.  Plaintiff argues that the Court should not grant summary judgement here because there is enough evidence in the record for a jury to determine that Defendant approved the design of the subject threshold.  Resp. at 19. Specifically, Plaintiff contends that the fact Defendant submitted the *Vista* to Fincantieri for a warranty claim to modify the subject threshold, and related testimony by Carnival's corporate representatives, constitute evidence upon which a jury could find that Defendant actually approved the design of the subject threshold.  *Id.*

"Liability based on negligent design requires proof that the ship-owner or operator

---

[10]   As discussed above, there is no record evidence showing that Defendant had notice as to any dangers posed by the subject threshold.  This lack of notice provides alternative grounds for finding no genuine issue of material fact as to whether Defendant adequately maintained, or otherwise failed to remedy, the subject threshold.

'actually created, participated in or approved' the alleged improper design." *Diczok v. Celebrity Cruises, Inc.*, 263 F. Supp. 3d 1261, 1264 (S.D. Fla. 2017) (citing *Groves v. Royal Caribbean Cruises, Ltd.*, 463 Fed. App'x 837, 837 (11th Cir. 2012)). The Eleventh Circuit has upheld summary judgement in circumstances where there was no evidence that a defendant actually created, participated in or approved an alleged improper design. *Rodgers v. Costa Crociere, S.P.A.*, 410 F. App'x 210, 212 (11th Cir. 2010) ("[W]e conclude that the district court did not abuse its discretion in granting summary judgment on Rodgers's negligent design theory of liability, where there was no evidence whatsoever that Costa actually designed the stairs or the hand rails."); *Groves*, 463 Fed. App'x at 837 (affirming summary judgment where plaintiff presented "no evidence that RCL actually created, participated in, or approved the alleged negligent design of these areas near the dining room where Groves was injured").

Here, Defendant is entitled to summary judgement with respect to Plaintiff's claims that are premised upon negligent design because there is no record evidence that Defendant created, participated in, or approved an alleged improper design. *See Rodgers*, 410 F. App'x at 212.

Plaintiff cites to various portions of Carnival's representative's deposition in which Ms. Vasquez explained that Defendant requested that Fincantieri modify the subject threshold after it was initially delivered. Resp. at 19–20. However, the mere fact that Defendant submitted the *Vista* to Fincantieri for a "warranty claim" to modify the subject threshold, and subsequently received the vessel with a modified threshold, does not create an issue of fact as to whether they created, participated in, or approved an alleged improper design. The Eleventh Circuit has stated that summary judgement is appropriate where there is no evidence that Defendant "*actually* created, participated in, or approved the alleged negligent design." *Groves*, 463 Fed. App'x at 837 (emphasis added). Simply receiving the vessel with a requested modification is not evidence that

23

Defendant actually approved the design of the subject threshold.  *See, e.g.*, *Diczok v. Celebrity Cruises, Inc.,* 263 F. Supp. 3d 1261, 1264-65 (S.D. Fla. June 21, 2017) (the ability to participate in and approve the design does "not show actual participation or approval").  Simply put, in order for the Court to find that Defendant actually approved the design, there must be evidence that Defendant *actually approved the design*.  *See Groves*, 463 Fed. App'x at 837   The record is devoid of any such evidence.

Plaintiff argues that summary judgement is inappropriate here because

like in *Hoover*, Defendant's corporate representative skirted around the issue but ultimately offered testimony that a reasonable jury could infer that Defendant actually participated in the approval of the threshold [sic].  Notably, Defendant's corporate representative did not actually testify that Defendant did not approve of the design, and even she had, her testimony would have belied that, and a reasonable jury could certainly have found any such denial not to be credible.

Resp. at 19 (citing *Hoover v. NCL (Bahamas) Ltd*., No. 19-22906-CIV, 2020 WL 5834742 (S.D. Fla. Sept. 29, 2020)).  In *Hoover*, the court found there to be a genuine issue of material fact as to whether the defendant's representative "skirted around providing a direct answer as to whether NCL approved the design in question, a reasonable jury could find that, based on his responses, NCL did in fact approve the design." *Hoover v. NCL (Bahamas) Ltd*., 491 F. Supp. 3d 1254, 1257 (S.D. Fla. 2020).  Here, however, Defendant's corporate representative was clear that "[w]ith respect to the fire safety doors and the threshold, Carnival does not participate in any way in the design or manufacture of those thresholds."  Cont. Corp. Rep. Dep. Tr. at 62:5–8.

Accordingly, for the reasons discussed above, Defendant has met its burden to demonstrate that the absence of a genuine issue of material fact regarding the design of the subject threshold. Plaintiff has failed to present evidence showing a genuine issue of material fact.  Therefore, Defendant is entitled to summary judgment with respect to Count I, to the extent it is premised upon Defendant's role in the design of the subject threshold.  Further, Defendant is entitled to

24

summary judgment with respect to Plaintiff's Products Liability Claim under Count II.

### 3. Plaintiff's Remaining Theories of Liability Are Unsupported by Record Evidence.

The Amended Complaint offers a panoply of additional allegations concerning duties owed, and purportedly breached, by Defendant.  Am. Compl. ¶¶ 23–38.

Defendant argues that the Court should grant summary judgement with respect to these various additional duties because they are unsupported by record evidence.  Mot. at 9–10.  With respect to the remaining alleged duties, not already discussed above, Plaintiff has either withdrawn the claim,[11] conceded that there is no record evidence in support,[12] or otherwise has failed to provide record evidence in support.[13]

---

[11]   Plaintiff has withdrawn her medical negligence claim.  Pl. 56.1 ¶ 18; Am. Compl. ¶ 27(o).

[12]   Plaintiff appears to have conceded that her negligence per se claim for Defendant's failure "to comply with applicable standards, statutes, or regulations" is unsupported by record evidence.  Am. Compl. ¶ 27(n).  In her Response, Plaintiff states that Dr. De Caso's testimony does not support the negligence per se allegation because "the codes Dr. De Caso cites to may not necessarily have the force of law."  Resp. at 18.  Rather, Plaintiff contends that Dr. De Caso's expertise is "relevant to show how a reasonable Defendant would have behaved."  *Id.*  The Court is aware of no other evidence that has any bearing on Plaintiff's negligence per se claims.  Accordingly, the Court finds that Plaintiff's negligence per se claim is unsupported by record evidence.

[13]   Plaintiff claims that Defendant is negligent for failing to (1) provide handrails, (2) provide "adequate and/or non-distracting lighting in the subject area," and (3) keep the subject area at a reasonable sound/noise level for passengers.  Am. Compl. ¶¶ 27(k), 27(l), 27(m).  There is no record evidence that any of these conditions caused or contributed to Plaintiff's incident.  Further, there is no record evidence that Defendant had notice as to any risks relating to the adequacy of the lighting, the distracting nature of the lighting, or the distracting nature of the noise.  Additionally, Plaintiff testified that the lighting in the area was adequate for her to see the subject threshold and Plaintiff's expert opined that the lighting was sufficient to see the subject threshold as well.  Pl. First Dep. Tr. at 114:9–116:16; De Caso Dep. Tr. at 31.  Further, Plaintiff testified that she was aware prior to her trip that cruises can be loud and she agreed that a "reasonable thing to do and a common sense thing" to do would be to pay more attention while walking.  Pl. First Dep. Tr. at 183:25–184:24.  Further, in any event, as previously discussed *supra*, Defendant had no notice of a dangerous condition.

As such, Defendant is entitled to summary judgment with respect to Count I of the Complaint.

**IV.    CONCLUSION**

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (ECF No. 63) is GRANTED.   The Clerk of Court is INSTRUCTED to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _25th_ day of May, 2021.


K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE


c:      All counsel of record