**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-cv-25281-KMM/Becerra

DEBRA ROBERTS,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a/
CARNIVAL CRUISE LINE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION[1]
ON DEFENDANT'S VERIFIED MOTION TO TAX COSTS**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation d/b/a Carnival Cruise Line's ("Defendant" or "Carnival") Verified Motion to Tax Costs ("Motion"), ECF No. [101]. Plaintiff Debra Roberts ("Plaintiff" or "Roberts") filed her Response to Defendant's Motion to Tax Costs and Plaintiff's Objections to Defendant's Bill of Costs ("Response"), ECF No. [105], and Defendant filed its Reply ("Reply"), ECF No. [107]. Upon due consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Defendant's Motion, ECF No. [101], be **GRANTED IN PART AND DENIED IN PART**. Defendant should be awarded $9,892.62

**I.  BACKGROUND**

Plaintiff filed this maritime personal injury action against Defendant for damages sustained while she was a passenger on the Carnival *Vista*. ECF No. [30] ¶ 11. Specifically, Plaintiff sought

---

[1] The Honorable K. Michael Moore, United States District Judge, referred this matter to the undersigned for a report and recommendation. ECF No. [102].

damages for injuries she suffered when she tripped and fell on a threshold that ran across the floor on the hallway of the ship. *Id.* ¶ 12. On March 5, 2021 Defendant filed its Motion for Summary Judgment. ECF No. [63]. On May 25, 2021, the Court entered an Order granting Defendant's Motion for Summary Judgment. ECF No. [92]. Thereafter, Defendant filed the instant Motion requesting $1,885.00 in costs for service of subpoenas, $6,978.80 in costs for deposition transcripts and court reporter fees, and $1,123.82 in copying costs. ECF No. [101] at 3–9. Defendant also seeks interest "at the highest legally available rate." *Id.* at 10.

Plaintiff filed its Response, requesting that Defendant's Motion be stayed pending the current appeal or, in the alternative, that Defendant's requested amount be reduced. ECF No. [105]. Specifically, Plaintiff contends that (1) Defendant's request of $1,885.00 in subpoena costs should not be awarded; (2) Defendant's request for $6,978.80 in deposition transcripts and court reported fees should be reduced by $5,394.44; and Defendant's request of $1,123.82 for copies should be denied. *Id.* at 3–8. Ultimately, Plaintiff contends that Defendant's request should be reduced to $1,584.36. *Id.* at 8.

In its Reply, Defendant argued its request for service of subpoena costs, deposition transcripts and court reporter attendance fees, and copying fees are all taxable and appropriate in this case. ECF No. [107]. Defendant noted that Plaintiff failed to meet her burden of establishing why the costs Carnival sought are not taxable, and thus did not overcome the presumption in favor of awarding costs to the prevailing party. *Id*. at 4, 6. Moreover, Defendant asserts that Plaintiff's pending appeal should not delay an award of costs to the prevailing party. *Id.* at 1–2.

## II.     ANALYSIS

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citing Fed. R. Civ. P. 54(d)(1)). A presumption

exists in favor of awarding costs. *Id.* Indeed, "[w]hen challenging whether costs are taxable, the losing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party." *Licausi v. Symantec Corp.*, No. 08-60544-CIV, 2009 WL 3177566, at *1 (S.D. Fla. Sept. 29, 2009). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Section 1920 "defines the term costs as used in Rule 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987) (quotations omitted). The specific costs which may be awarded, set forth in Section 1920, are as follows:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In this case, the Parties agree that Defendant is the prevailing party, warranting an award of taxable costs pursuant to Section 1920.

**1. Service of Process Costs**

Defendant requests $1,885.00 in costs for serving twenty-nine subpoenas at an individual cost of $65.00 for each service. ECF No. [101] at 4–5. Specifically, Defendant contends that it should recover the costs incurred in connection with serving "Plaintiff's pre-incident and post-incident medical providers, Plaintiff's numerous insurance providers, and Plaintiff's employment

providers as the subpoenas were served for the purpose of investigating Plaintiff's alleged personal injury claims in this matter." *Id.* at 4.

In its Response, Plaintiff argues that Defendant should not recover any of its costs associated with the service of subpoenas because Defendant "offers no explanation for why these subpoenas were necessary" and "Defendant does not explain why it needed to subpoena Plaintiff's experts when Plaintiff had an obligation to produce them for depo[sitions] during expert discovery anyway." ECF No. [105] at 4–5. In addition, Plaintiff argues that the fees reflected in Defendant's invoices for the subpoenas of Dr. Brad Cohen and Dr. Francisco De Caso are for $25.00 and, therefore, Defendant's request of $65.00 for such subpoenas is improper. *Id.* at 5. In short, Plaintiff contends that Defendant has not carried is burden of demonstrating that the subpoenas were reasonable or necessary and, therefore, the Court should deny the costs associated with service of the subpoenas. *Id.*

In its Reply, Defendant argues that the losing party bears the burden of demonstrating that the costs are not taxable. ECF No. [107] at 2. In addition, Defendant argues that service of the subpoenas was reasonable and necessary because any "assurance of the production of complete and updated medical records, including documents such as patient-authored intake questionnaires and examination notes, can only be secured by service of a subpoena." *Id.* at 3. Ultimately, Defendant argues that Plaintiff has failed to meet her burden of showing that the costs sought for the service of subpoenas should not be taxed. *Id.* at 4. However, Defendant concedes that it "inadvertently and erroneously submitted the costs for the[] subpoenas [of Dr. Brad Cohen and Dr. Francisco De Caso] at the maximum rate and defers to the invoices attached to the Bill of Costs for the true and correct cost of service." *Id.* at 4, n. 1.

Service of process costs are recoverable under Section 1920(1). "Although § 1920(1) specifically mentions the term 'marshal,' the Eleventh Circuit has held service by a private process

server to be compensable." *James v. Wash. Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) (citing *W&O, Inc.*, 213 F.3d at 623). Further, subpoenas issued to obtain the presence of witnesses at their deposition(s) are also taxable under 28 U.S.C. §1920. *See Zumwalt v. City of Palm Beach Gardens*, No. 05-80658-CIV-RYSKAMP/VITUNAC, 2007 U.S. Dist. LEXIS 5297, at *2 (S.D. Fla. Jan. 25, 2007) (holding that costs for witness subpoenas are recoverable under § 1920); *see also Mull v. Trinity Yacht Sales & Chartering, LLC*, No. 07-21358-CIV, 2009 U.S. Dist. LEXIS 118877, at *3–4 (S.D. Fla. Dec. 1, 2009) (holding that costs for witness subpoenas are recoverable even though they are not necessary for use in the case). Moreover, service of process fees paid to private process servers are taxable so long as the amount does not exceed the amount charged by the U.S. Marshal Service. *See W&O, Inc.*, 213 F.3d at 620 (citing *Crawford Fitting,* 482 U.S. at 445). The Marshal's fee for service of process is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

Here, Defendant seeks to recover the costs associated with serving twenty-nine subpoenas on Plaintiff's pre-incident and post-incident medical providers, Plaintiff's insurance providers, and Plaintiff's employment providers. ECF No. [101] at 4–5. Defendant seeks to recover the Marshal's $65.00 fee for each of the twenty-nine subpoenas.

Upon review of Defendant's invoices for the twenty-nine subpoenas, the undersigned notes that Defendant was charged above the Marshal's fee of $65.00 in most instances. *See* ECF No. [100–3] at 1–3. However, Defendant was charged less than the Marshal's fee for the two services on Dr. Francisco De Caso, which were $50.00 and $25.00, and the service on Dr. Brad Cohen, which was $25.00. *Id.* In those three instances, Defendant still requests the full $65.00 reimbursement. The Court concludes that Defendant is only entitled to recover the amounts actually incurred for service on Dr. De Caso and Dr. Cohen.

5

Furthermore, Plaintiff does not provide any reason to support its argument that Defendant's service of subpoena fees are not taxable or unnecessary. *See Woods v. Deangelo Marine Exhaust Inc.*, No. 08-81579-CIV, 2010 WL 4116571, *1, (S.D. Fla. Sept. 27, 2010) (explaining that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party with [the opponent] must overcome"). To overcome the presumption in favor of awarding costs, the "court must have and state a sound basis for doing so." *Chapman*, 229 F.3d at 1039 (citing *Head v. Medford,* 62 F.3d 351, 354–55 (11th Cir.1995). Absent such basis as set forth by statute, the opposing party, or noted by the court, the presumption prevails. *See Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 833 (11th Cir. 2005) (affirming the prevailing party's award of costs where there was "no sound basis" to deny it.).

In addition, the undersigned finds that Defendant should recover the costs incurred in connection with the subpoenas served on Plaintiff's experts, Dr. Francisco De Caso and Dr. Brad Cohen. Plaintiff argues that Defendant should not recover these fees because Plaintiff was obligated to produce these experts during discovery. However, Defendant contends that it subpoenaed both experts to ensure that it had recourse with the Court in the event that Plaintiff failed to present the requested documents. Thus, Defendant has met its obligation because it has demonstrated that the costs it seeks in relation to these subpoenas are recoverable and were reasonably necessary to their case. *See Middleton v. Carnival Corp.*, No. 17-23158-CIV, 2019 WL 5291176, at *3 (S.D. Fla. July 18, 2019), *report and recommendation adopted*, 2019 WL 5290893 (S.D. Fla. Aug. 15, 2019) (holding that Carnival was entitled to costs for subpoenas because Carnival sufficiently explained they were necessary to the case) (citing *TCC Air Servs., Inc. v. Schlesinger*, No. 05-80543-CIV, 2009 WL 565516, at *6 (S.D. Fla. Mar. 5, 2009)). The Court finds that Defendant's decision to subpoena these experts was reasonable.

As such, Defendant is entitled to recover the costs incurred in connection with the service of subpoenas for each of the twenty-nine witnesses in the amount of $1,790.00, which is the Marshal's fee for each witness with the exception of the three witnesses for which less was charged.

### 2. Costs for Deposition Transcripts and Court Reporter Fees

Defendant also seeks to recover its costs for deposition transcripts and court reporter fees. ECF No. [101] at 6. Defendant seeks to recover $6,978.80 for costs in connection with court reporting, transcripts, synchronized videotaped transcripts, and witness fees for the deposition of witnesses. *Id.* at 7. Specifically, Defendant seeks to recover $788.80 for Plaintiff's deposition transcript; $3,605.53 for the deposition transcripts of Defendant's corporate representative, Suzanne Vazquez; $393.25 for the transcript of the discovery hearing held before the undersigned on July 1, 2020; $534.30 for the deposition transcript of Plaintiff's expert, Brad Cohen; $1,051.21 for the deposition transcript of Plaintiff's expert, Francisco De Caso; and $605.71 for the deposition transcript of Plaintiff's continued deposition. *Id.* Defendant contends that all of its deposition costs "were incurred in an effort to resolve the factual issues raised in Plaintiff's Complaint, were necessarily obtained for use at trial, and were utilized in drafting Carnival's motions in limine, Daubert motion, and motion for summary judgment." *Id.*

In its Response, Plaintiff objects to several of the costs sought by Defendant on the basis that "Defendant has failed to demonstrate how any of [the] costs are reasonable or necessary. . . ." ECF No. [105] at 6. Specifically, Plaintiff contends that Defendant should not recover for the deposition transcripts of Suzanne Vazquez because Defendant did not attach the invoice for the two deposition. *Id.* Plaintiff argues that, without an invoice or other means of demonstrating the actual charges for Suzanne Vazquez's depositions, Defendant has failed to satisfy its burden of showing that $3,605.53 in costs for such depositions were reasonably incurred. *Id.* Plaintiff also

7

contends that Defendant provides no explanation for ordering the transcript of the discovery hearing on an expedited basis, and, therefore, Defendant's request of $393.25 should be reduced to $261.30 to reflect the normal $4.02 per page rate. *Id.* Finally, Plaintiff contends that Defendant's request of $1,051.25 for the deposition transcript of Francisco De Caso and Defendant's request of $605.71 for the deposition transcript of Plaintiff's continued deposition should both be excluded. *Id.* Plaintiff argues that the invoices Defendant attached for these transcripts "do not include any breakdown of the costs that went into the total charges Defendant seeks to recover." *Id.*

The taxing of costs is permitted for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus, deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 621; s*ee also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015). Court reporter attendance fees are also taxable under § 1920(2). *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012).

To satisfy the necessarily obtained requirement—in order to recover transcript and court reporter appearance expenses—a deposition must only appear to have been reasonably necessary when it was taken. *See W&O, Inc*, 213 F.3d at 620–22; *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391, at *1. Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391, at *1 (quoting *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)).

As an initial matter, and contrary to Plaintiff's position, it is Plaintiff and not Defendant that has the burden of demonstrating that a specific deposition was not necessary or was not related to an issue presented in the case. Here, Defendant has provided all the necessary invoices for the Court to determine the costs of each deposition, and Plaintiff has failed to satisfy its burden of demonstrating how any deposition was not necessary or related to the case at hand. Indeed, upon review of the record, the Court finds that each deposition requested by Defendant is reasonable, and Plaintiff has failed to provide any argument to the contrary. Plaintiff's argument that Defendant's costs should be reduced by $131.95 for Defendant's order of the expedited discovery hearing transcript is also unpersuasive. The costs associated with this transcript are taxable and Plaintiff has failed to show otherwise. As such, the undersigned concludes that Defendant is entitled to recover the full $6,978.80 for its costs in depositions and court reporter fees.

**3. Costs for Copies of Paper**

Defendant also seeks to recover the costs incurred in making copies of material obtained for use in the case. ECF No. [101] at 8. Specifically, Defendant seeks to recover a total of $1,123.82 for costs incurred in creating copies of medical records, diagnostic films, exhibits, pleadings, discovery, documents produced in discovery, documents utilized at depositions and hearings, and other documents which were necessarily obtained for use in the case. *Id.* at 9.

Plaintiff contends that Defendant should be precluded from recovering any of the costs incurred for copying because Defendant did not provide any explanation for why it needed to make copies of those documents for which costs it now seeks to recover. ECF No. [105] at 8. Specifically, Plaintiff contends that Defendant merely provides an invoice, without stating how many copies of each document it made, or the costs associated with copying these documents. *Id.*

In its Reply, Defendant contends that Plaintiff has failed to meet its burden of showing why Defendant's copying cost are not taxable. ECF No. [107] at 6. Defendant argues that, contrary to

Plaintiff's position, Defendant has provided a description of the purpose of all the copies and such description is sufficient for the Court to award Defendant its costs. *Id.*

Photocopying costs are taxable if they were necessarily obtained for use in a case pursuant to Section 1920(4) or the incurring party reasonably believed they were necessary for pending litigation. *W&O, Inc.*, 213 F. 3d at 621–22. "General copying costs without further descriptions, or copies made merely for counsel's convenience, such as multiple copies of documents, however, are not recoverable." *Guevara v. Fla. E. Coast Ry., LLC.*, No. 18-CV-24726, 2020 WL 5578960, at *8 (S.D. Fla. Aug. 7, 2020), *report and recommendation adopted sub nom. Guevara v. Fla. E. Coast Ry. LLC*, 2020 WL 5572100 (S.D. Fla. Sept. 17, 2020) (citing *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009)). The party requesting to tax costs must "present . . . evidence regarding the documents copied including their use or intended use." *Cullens v. Georgia Dep't of Trans.*, 29 F. 3d 1489, 1494 (11th Cir. 1994) (citing *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) *aff'd*, 998 F.2d 1023 (11th Cir. 1993)). While prevailing parties are "not require[d]. . . to articulate the specific reasons for each photocopy or exemplification – [d]efendants must do more than point to an outline of the costs incurred." *Salvani v. Corizon Health, Inc.*, No. 17-24567-CIV, 2019 U.S. Dist. LEXIS 199373, at *10–13 (S.D. Fla. Nov. 15, 2019) (concluding that descriptions of copies made were insufficient for determining the necessity of the copies); *Helms*, 808 F. Supp. at 1570 ("A prevailing party may not simply make unsubstantiated claims" of the necessity of the documents they copied, "since the prevailing party alone knows for what purpose the copies were made."); *see Dixon v. Bieluch*, No. 04-80827-CIV, 2006 WL 8433859, at *3 (S.D. Fla. Feb. 21, 2006) (finding that charges were reimbursable where the documentation showed that counsel reasonably believed it was necessary to copy documents and the copies were used, or intended for use, in the litigation).

Defendant has provided a description of the purpose of the copies made and has attached the invoices for each set of records, which further explains their nature. ECF No. [101]. Defendant seeks to recover copying costs incurred in copying medical records, employment records, exhibits, exhibit binders, pleading binders, and discovery binders that were necessarily obtained for use in this case. *Id*. at 9. The invoices included in Defendant's motion serve as evidence of the costs incurred and further describe the documents obtained. Based on the record, the undersigned finds that the copying costs are sufficiently described to support taxation. As a result, Defendant is entitled to recover $1,123.82 in copying costs.

4. **Staying the Bill Of Costs**

Plaintiff requests that the Court hold Defendant's bill of costs in abeyance pending the resolution of the appeal of the underlying action. ECF No. [105] at 2. While Plaintiff is correct in noting that this Court has stayed costs pending the resolution of appeals, the case Plaintiff relies on, *Lebron v. Royal Caribbean Cruises LTD*, No. 1:16-cv-24687-KMW (S.D. Fla. Aug. 13, 2019), ECF No. [379], is not analogous to the case at hand. In that case, as is noted in the Court's Order, defendant did not oppose the stay. In contrast, here, Defendant opposes the stay, and Plaintiff has failed to present legal justification for a stay. Thus, there is no basis for delaying an award of costs to the prevailing party.

5. **Interest**

Defendant also seeks interest, pursuant to 28 U.S.C. § 1961, on any judgment for taxable costs awarded in its favor. The undersigned finds that Defendant is entitled to interest accrued from the date cost-judgment is awarded. *Powell*, 548 F. Supp. 2d at 1364 ("Plaintiffs should be awarded interest from the date any cost judgment is awarded").

11

### III.     RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Defendant's Motion, ECF No. [101], be **GRANTED IN PART AND DENIED IN PART**. Defendant should be awarded $9,892.62 in costs. This judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961.

### IV.     OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on September 21, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE